| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE NOBLE SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF NOBLE ) | | CAUSE NO. 57D01-1703-CT-005 |

JEFF REED, )
)
    Plaintiff, )
)
v. )
)
PFG TRANSCO, INC., d/b/a )
PERFORMANCE FOOD GROUP, )
)
    Defendant. )

FILED

MAR 20 2017

## COMPLAINT

Plaintiff alleges against Defendant as follows:

1. The Plaintiff is Jeff Reed, currently a resident of the State of Ohio, who, at all material times, was employed by Defendant when, on December 21, 2015, he injured himself at work and took advantage of worker's compensation benefits.

2. The Defendant is PFG Transco, Inc., d/b/a Performance Food Group ("PFG") and is locally operated out of 2930 Performance Drive, Kendallville, Indiana 46755. Defendant's home office is located at 12500 West Creek Parkway, Richmond, Virginia 23238-1110. PFG is an employer in the State of Indiana which is required to pay for worker's compensation insurance, and which is required to pay worker's compensation benefits to its employees who are injured on the job.

3. On or about December 21, 2015, Plaintiff was injured on the job while unloading a truck. He was placed on light duty with no heavy lifting. Plaintiff requested physical therapy. Defendant provided light duty initially, but then denied Plaintiff light duty work and demanded that he go back to full duty contrary to doctor's orders.

4. Plaintiff's six year old child had surgery scheduled for January 15, 2016, and Plaintiff made Defendant aware of that in December 2015. Defendant's management attempted to force Plaintiff to work, indicating that any missed time would be used against the Plaintiff who had informed them that it was already approved.

5. Plaintiff missed a day of work to attend his physical therapy evaluation on January 21, 2016, a day that he should have been able to attend to for his on-the-job injury by utilizing his worker's compensation benefits.

6. Plaintiff received a write up for attendance on January 21, 2016, and he questioned the legality of holding that day against him since he missed work due to a workplace injury. Plaintiff refused to sign the write up, and at that time he made them aware that he was going to seek the advice of an attorney.

7. Defendant's Human Resources called and told Plaintiff that the write up was a "misprint". Defendant also informed Plaintiff that he would have to work (be out on a layover), but did not give him an actual time that he would get back. Plaintiff called Defendant's HR and informed them that they would have to find someone else.

8. Plaintiff was constructively discharged. All decisions were handed down from the Kendallville Indiana PFG Distribution Center.

9. Plaintiff was damaged and harmed as a result of the constructive discharge, including the loss of his job and job-related benefits including income. Plaintiff seeks punitive damages against Defendant for intentionally making his work conditions so hellish that he had no other choice but to constructively resign.

10. The constructive discharge/intentional termination of the Plaintiff by the Defendant was in

violation of public policy in the State of Indiana which prohibits terminating an employee in retaliation for the employee getting injured on the job and collecting, or expressing his intent to collect, worker's compensation benefits.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, prejudgment interest, costs of the action and for all other just and proper relief in the premises.

### JURY DEMAND

Pursuant to Rule 38(b) of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

CHRISTOPHER C. MYERS & ASSOCIATES

_____
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:        cmyers@myers-law.com
Attorney for Plaintiff

CCM/js