# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JEFF REED, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.: 1:17-CV-143-TLS |
| PFG TRANSCO, SUBSIDIARY OF KENNETH O. LESTER COMPANY INC. d/b/a PFG CUSTOMIZED DISTRIBUTION, | ) ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Jeff Reed filed suit against PFG Transco, Subsidiary of Kenneth O. Lester Company, Inc d/b/a/ PFG Customized Distribution ("PFG Transco") in Allen County Superior Court [ECF No. 6]. On April 10, 2017, the Defendant removed the case to this Court [ECF No. 1]. On January 23, 2018, the parties notified the Court that they had reached a resolution on the matter [ECF No. 22].

In this Stipulation to Dismiss, the parties stipulate and agree that all claims by the Plaintiff against the Defendant have been settled and that this case should be dismissed. Both parties have signed the Stipulation. The parties explicitly ask the Court to issue an order dismissing the Defendant, pursuant to Federal Rule of Civil Procedure 41(a)(2).

Accordingly, the Court will construe the Stipulation of Dismissal as a request for dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(2), which allows a court to consider whether it is proper to order a party dismissed upon the plaintiff's motion. It is within the Court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to Rule 41(a)(2). *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); *Tyco*

*Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant. *Tyco Labs.*, 627 F.2d at 56.

In consideration of the procedural context of this case and the parties' submissions, the Court finds that it has the power to enter an order regarding this case, and further finds that dismissal of the action is appropriate because the Defendant has not filed summary judgment motions against the Plaintiff, the Defendant agrees to the dismissal, and the context in which dismissal is sought is not adversarial and there is no prejudice to the Defendant in allowing the dismissal.

For the foregoing reasons, the Court GRANTS the Stipulation to Dismiss [ECF No. 15]. Should the parties seek dismissal without prejudice, the parties will have 10 days from the date of this Order to notify the Court. Accordingly, at this time, the Court DIRECTS the Clerk of Court to enter DISMISSAL, WITH PREJUDICE, within 10 days of the date of this Order.

SO ORDERED on January 25, 2018.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT